UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

18-CV-165

------------------------------------X     **CIVIL COMPLAINT**

MICHAEL V. PETRILLO,

**PLAINTIFF DEMANDS**

                  Plaintiff,     **A TRIAL BY JURY**

    -against-

PORT AUTHORITY TRANS-HUDSON
CORPORATION,

                Defendant.

------------------------------------X

    Plaintiff, complaining of defendant, by his attorneys, LAW OFFICE OF PHILIP P VOGT PLLC, respectfully shows to this Court and alleges, upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION

    **FIRST:**   The action herein arises under the Federal Employers' Liability Act, Title 45, United States Code Annotated, §§51-60, as hereinafter more fully appears.

    **SECOND:**   On information and belief, at all times herein mentioned, defendant PORT AUTHORITY TRANS-HUDSON CORPORATION (hereinafter PATH) was a wholly owned subsidiary of the Port Authority of New York and New Jersey, duly authorized by the Laws of the State of New Jersey and the Laws of the State of New York; incorporated under the Laws of the State of New Jersey and the Laws of the State of New York, and that the parent, The Port Authority of New York and New Jersey, is a body corporate and politic created by a Compact between the States of New York and

New Jersey, with the consent of The Congress of the United States.

**THIRD:**  At all times herein mentioned, the defendant was a railroad corporation organized and existing under and by virtue of the laws referred to in Paragraph "SECOND" above.

**FOURTH:**  At all times herein mentioned, the defendant was and still is doing business in the County, City and State of New York.

**FIFTH:**  At all times herein mentioned, the defendant was and now is a common carrier by rail engaged in interstate commerce between different states in the United States.

**SIXTH:**  At all times herein mentioned, defendant operated an inter-urban electric railroad for the carriage of passengers between the States of New York and New Jersey.

**SEVENTH:**  On July 13, 2016 and for some time prior thereto, plaintiff was in the employ of defendant in the capacity of Trackman 1.

**EIGHTH:**  On the date aforesaid, plaintiff was working in Hudson River Tunnel at or near B4 Signal 133 with Flat Car # 50.

**NINTH:**  At all times herein mentioned, defendant owned Flat Car # 50.

2

**TENTH:** At all times herein mentioned, defendant used and/or allowed to be used said flat car on its lines.

**ELEVENTH:** At all times herein mentioned, defendant's flat car did not have proper sill steps on each end of each side of the flat car which complied with 49 CFR Section 231.1(d) *Sill steps*; the existing step was unusable due to the presence of a large curved grab iron which was mounted horizontally directly above the step making it impossible to use the step.

**TWELFTH:** On the date aforesaid, while plaintiff was working as described in Paragraph "EIGHTH" above, he was caused to be hurt and injured by and because of the negligence of defendant, its agents, servants and/or employees, and he thereby sustained severe and painful injuries be reason of being required to repeatedly climb onto and off of said flat car without benefit of a proper sill step thereby injuring his left foot.

**THIRTEENTH:** Plaintiff's duties generally in defendant's employ were substantially in furtherance of interstate commerce, and directly, closely and substantially affected such commerce.

**FOURTEENTH:** At the time of the said occurrence,

3

plaintiff was engaged in duties for defendant in furtherance of interstate commerce, said duties directly, closely and substantially affecting such commerce.

**FIFTEENTH:** Said occurrence and the injuries resulting therefrom were the result of the negligence of defendant, its agents, servants and employees in the following respects: in that employees of defendant were careless and negligent in the performance of their duties; in that defendant's employees were negligent in the operation and work of defendant's railroad business; in that defendant maintained its railroad equipment in an improper, defective and dangerous condition; in that defendant operated its railroad equipment in a negligent, improper, defective and dangerous manner; in that the defendant was negligent in its inspection and maintenance of its track switch; in that defendant failed to provide plaintiff with a safe place in which to work and with safe equipment with which to work; in that employees of defendant failed to take proper precautions to prevent the injuries sustained by plaintiff; in that defendant failed to make proper and adequate provision for the safety of plaintiff; in that defendant failed to promulgate and enforce proper safety rules for the safe conduct of the work and operation of its railroad; in failing to guard against those risks and/or dangers which defendant knew or by the exercise of due care should have known; in failing to exercise reasonable

4

care to provide plaintiff with a safe place to work, reasonably safe conditions in which to work and reasonably safe tools and equipment; in failing to inspect the place of work and work procedure; in failing to exercise reasonable care in assigning this particular task to plaintiff; in failing to consider the plaintiff's particular physical condition before assigning the tasks to him; in negligently instructing the plaintiff to perform tasks with a number of men and/or a procedure or method which would result in injury; in failing to properly train and instruct its employees; in violating 29 CFR Sections 1926.20 in failing to perform frequent and regular inspections of the flat car; 1926.21 in failing to instruct the plaintiff in recognizing and avoiding unsafe conditions and the regulations applicable to his work environment; 29 CFR 1926.20(b)(3) in using a vehicle not in compliance with OSHA regulations; 1926.601(b)(14) in failing to check the vehicle's safety devices; in failing to comply with applicable FRA requirements including but not limited to 49 CFR § § 231.6 Flat Car and 231.1(d) Sill step 214.311 - in failing to have a proper job briefing - in failing to keep proper records; in failing to warn plaintiff of the dangers associated with the prescribed work method being employed; in failing to provide proper tools, equipment, man power assistance or work methods to safely perform the assigned work task; in causing, allowing, suffering and or permitting unsafe and defective flat car to be and remain in use; in

5

failing to remedy the sill step of said flat car; in failing to perform adequate and necessary inspection and maintenance upon said flat car; in failing to warn the plaintiff of the dangerous condition of said flat car; in failing to provide a step ladder or portable ladder to use to climb up and down from the flat car; in failing to promulgate and enforce rules regarding the said work task, general safety principles and proper work practices; in violating the Safety Appliances Act, Title 49 USCA, §§20301-20306, et seq.; in failing to instruct the plaintiff in the recognition and avoidance of unsafe conditions; in violating its own safety rules and regulations and accustomed practice in the industry.

**SIXTEENTH:** Upon information and belief, that the aforesaid occurrence was due to the violation by defendant, its agents and/or employees, of the Federal Employers' Liability Act, Chapter 2, 45 USC § 51, and the rules and regulations promulgated thereunder.

**SEVENTEENTH:** Upon information and belief, that the aforesaid occurrence was due to the violation by defendant, its agents and/or employees, of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Programs, Part A Safety, Chapter 203, Safety Appliances, 49 USCA Chapter 203, Sections 20301, 20302 et seq., commonly known as the Safety

6

Appliances Act, and the rules and regulations promulgated
thereunder.

**EIGHTEENTH:**  Said occurrence and the injuries resulting
therefrom were due wholly and solely to the negligence of
defendant, its agents, servants and employees, and the negligent
operation of equipment and defects in defendant's property and
equipment as aforesaid, without any fault or negligence on the
part of plaintiff contributing thereto.

**NINETEENTH:** By reason of the premises, plaintiff was severely
and seriously injured; suffered and will continue in the future to
suffer pain and injury; has become sick, sore, lame and disabled,
and will be permanently injured; has lost and will lose in the
future sums of money which he otherwise would have earned; has been
compelled to spend sums of money and incur liability for medical
treatment and medicine, and will incur such expenses in the future.
Plaintiff, MICHAEL V. PETRILLO, repeats, reiterates and re-
alleges each and every allegation contained hereinabove in
paragraphs "FIRST" through "EIGHTEENTH" inclusive with the same
force and effect as if hereinafter set forth fully at length.

## AS AND FOR A SECOND CAUSE OF ACTION

**TWENTIETH:** Plaintiff, MICHAEL V. PETRILLO, repeats,

7

reiterates and re-alleges each and every allegation contained hereinabove in paragraphs "FIRST" through "NINETEENTH" inclusive with the same force and effect as if hereinafter set forth fully at length.

**TWENTY-FIRST:** On March 7, 2017, and for some time prior thereto, plaintiff was in the employ of defendant in the capacity of Trackman 1.

**TWENTY-SECOND:** On the date aforesaid, plaintiff was working at or about C Yard, Jersey City, New Jersey.

**TWENTY-THIRD:** At all times herein mentioned, defendant owned C Yard, Jersey City, New Jersey.

**TWENTY-FOURTH:** On the date aforesaid, while plaintiff was working as described in Paragraph "TWENTY-SECOND" above, he was caused to be hurt and injured by and because of the negligence of defendant, its agents, servants and/or employees, and he thereby sustained severe and painful injuries while attempting to move a container full with railroad spikes.

**TWENTY-FIFTH:** Plaintiff's duties generally in defendant's employ were substantially in furtherance of interstate commerce, and directly, closely and substantially affected such commerce.

8

**TWENTY-SIXTH:** At the time of the said occurrence, plaintiff was engaged in duties for defendant in furtherance of interstate commerce, said duties directly, closely and substantially affecting such commerce.

**TWENTY-SEVENTH:** Said occurrence and the injuries resulting therefrom were the result of the negligence of defendant, its agents, servants and employees in the following respects: in that employees of defendant were careless and negligent in the performance of their duties; in that defendant's employees were negligent in the operation and work of defendant's railroad business; in that defendant maintained its railroad equipment in an improper, defective and dangerous condition; in that defendant operated its railroad equipment in a negligent, improper, defective and dangerous manner; in that defendant failed to provide plaintiff with a safe place in which to work and with safe equipment with which to work; in that employees of defendant failed to take proper precautions to prevent the injuries sustained by plaintiff; in that defendant failed to make proper and adequate provision for the safety of plaintiff; in that defendant failed to promulgate and enforce proper safety rules for the safe conduct of the work and operation of its railroad; in failing to guard against those risks and/or dangers which defendant knew or by the exercise of due care should have

9

known; in failing to exercise reasonable care to provide
plaintiff with a safe place to work, reasonably safe conditions
in which to work and reasonably safe tools and equipment; in
failing to inspect the place of work and work procedure; in
failing to exercise reasonable care in assigning this particular
task to plaintiff; in failing to consider the plaintiff's
particular physical condition before assigning the tasks to him;
in negligently instructing the plaintiff to perform tasks with a
number of men and/or a procedure or method which would result in
injury; in failing to properly train and instruct its employees;
in violating 49 CFR § 213.5 in failing to comply with applicable
FRA requirements including but not limited to  49 CFR §214.311 -
in failing to have a proper job briefing; - in failing to keep
proper records; in failing to warn plaintiff of the dangers
associated with the prescribed work method being employed; in
failing to provide proper tool, equipment, man power assistance
or work method to safely move said container; in causing,
allowing, suffering and/or permitting the container to be
excessively heavy; in failing to place an adequate warning on
the container; in failing to label the container with the weight
of the objects placed within it; in failing to promulgate and
enforce rules regarding the said work task, general safety
principles and proper work practices for moving, handling and
lifting materials; in violating 29 CFR Sections 1910.22 in
failing to keep the material stored in said yard in an orderly

condition; 1926.22(b)(2) in failing to instruct the plaintiff in the recognition and avoidance of unsafe conditions; in violating its own safety rules and regulations and accustomed practice in the industry.

**TWENTY-EIGHTH:**  Said occurrence and the injuries resulting therefrom were due wholly and solely to the negligence of defendant, its agents, servants and employees, and the negligent operation of equipment and defects in defendant's property and equipment as aforesaid, without any fault or negligence on the part of plaintiff contributing thereto.

**TWENTY-NINTH:** By reason of the premises, plaintiff was severely and seriously injured; suffered and will continue in the future to suffer pain and injury; has become sick, sore, lame and disabled, and will be permanently injured; has lost and will lose in the future sums of money which he otherwise would have earned; has been compelled to spend sums of money and incur liability for medical treatment and medicine, and will incur such expenses in the future.

**THIRTIETH:** Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff MICHAEL V. PETRILLO hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

**WHEREFORE**, plaintiff demands judgment against the defendant

11

on each cause of action in a sum which exceeds the minimum

jurisdictional requirements of this Court, together with the

costs and disbursements of this action.


Dated:      New York, New York
            January 3, 2018

                              Respectfully submitted,

                         LAW OFFICE OF PHILIP P VOGT PLLC
                            Attorneys for Plaintiff

                         By_____
                            PHILIP P. VOGT - PV0377
                            5 Penn Plaza – 23rd Floor
                            New York, New York 10001
                            212-835-1640
                            PhilipPVogt@PVogtlaw.com